■ ESTELLE LAVERNE, Appellant, v BERNARD DANENBERG GALLERIES, INC., et al., Respondents.—In an action pursuant to CPLR 7101 to recover possession of six ornate columns, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered July 16, 1979, which, after a nonjury trial limited to the issue of liability only, *inter alia,* dismissed the complaint. Judgment affirmed, with one bill of costs payable jointly to respondents appearing separately and filing separate briefs. The plaintiff became aware no later than March 1, 1967 that the six ornate columns which are the subject of this action were being offered for sale at the William Weiss Showroom Corp. (Weiss) in New York City. Under the circumstances of this case, the plaintiff is estopped from seeking recovery of the columns from the defendant Betty Lawrence, whose late husband agreed to purchase the columns from Weiss on August 1, 1967, but who did not obtain possession of the columns until after he made the last payment of the $7,700 purchase price on January 28, 1969, almost two years after the plaintiff learned that Weiss had the columns. Damiani, J. P., Margett, O'Connor and Weinstein, JJ., concur.

■ PHILIP MAKOWSKY, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.—Appeal from an order of the Supreme Court, Kings County, dated July 12, 1979, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment of the same court, entered August 15, 1979, affirmed. Plaintiff is awarded one bill of costs. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.

■ MEDIA BOOSTERS, INC., Respondent, v PRELUDE PRODUCTIONS, INC., et al., Appellants.—In an action to recover the reasonable value of services performed, in which a default judgment was entered in favor of plaintiff, defendants appeal (1) as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County, entered July 5, 1979, as required the posting of a bond or other undertaking sufficient to secure the sum of $15,985.06, as a condition of vacatur of the default judgment, (2) from a further order of the same court, dated July 18, 1979, which granted partial summary judgment to plaintiff against them in the sum of $11,650, with interest, and (3) from the judgment entered on the latter order on August 2, 1979. Order entered July 5, 1979 affirmed insofar as appealed from, without costs or disbursements. No opinion. Appeal from the order dated July 18, 1979 dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, without costs or disbursements, order dated July 18, 1979 vacated and plaintiff's cross motion for summary judgment denied. Defendants' letter of guarantee is ambiguous and raises questions of fact which must be decided at a trial. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.